UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANCISCO JAVIER JIMENEZ,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:14-cv-01916-APG-CWH

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#3). The court denies the motion as moot because petitioner has paid the filing fee.

    Petitioner has submitted a motion for leave to amend (#6) and an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#7). The court grants the motion for leave to amend.

    The court has reviewed the amended petition (#7) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground for relief, and the court will serve the amended petition (#7) upon respondents for a response to the remaining grounds

    Pursuant to a plea agreement, the state district court convicted petition of one count of conspiracy to commit robbery, two counts of robbery with the use of a deadly weapon, two counts of first-degree kidnaping, and one count of attempted murder with the use of a deadly weapon. Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner then filed a post-

conviction habeas corpus petition in the state district court. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed.

Petitioner then commenced this action. The amended petition (#7) contains three grounds for relief.

In ground 2, petitioner alleges that the state district court erred when it denied his post-conviction habeas corpus petition. This court cannot grant petitioner any relief on this ground. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court dismisses ground 2.

Petitioner has submitted a motion for appointment of counsel (#2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the amended petition, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the motion for appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that the application to proceed in forma pauperis (#3) is **DENIED** as moot.

IT IS FURTHER ORDERED that the motion for leave to amend (#6) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the amended petition (#7) and this order. In addition, the clerk shall return to petitioner a copy of the amended petition (#7)

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the amended petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED: June 15, 2015.

ANDREW P. GORDON
United States District Judge