1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

# DISTRICT OF NEVADA

8

9

FRANCISCO JAVIER JIMENEZ,

10

     Petitioner,

Case No. 2:14-cv-01916-APG-CWH

11

vs.

**ORDER**

12

BRIAN E. WILLIAMS, et al.,

13

     Respondents.

14

15

     Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C.

16

§ 2254 (ECF No. 7), respondents' motion to dismiss (ECF No. 13), and petitioner's opposition

17

(ECF No. 17). The court finds that petitioner has not exhausted his available state-court remedies

18

for ground 3 of the petition, and the court grants the motion.

19

     Petitioner was charged with one count of conspiracy to commit robbery, two counts of

20

burglary while in possession of a firearm, three counts of robbery with the use of a deadly weapon,

21

eleven counts of first-degree kidnaping with the use of a deadly weapon, and one count of

22

attempted murder with the use of a deadly weapon. Ex. 1 (ECF No. 14-1). Petitioner waived his

23

preliminary hearing because he and the prosecution had come to a plea agreement. Ex. 2 (ECF No.

24

14-2). Petitioner agreed to plead guilty to one count of conspiracy to commit robbery, two counts

25

of robbery with the use of a deadly weapon, two counts of first-degree kidnaping,[1] and one count of

26

attempted murder with the use of a deadly weapon. Ex. 8 (ECF No. 14-8). After petitioner pleaded

27

28

     [1]The deadly-weapon enhancements for the kidnaping charges were dropped.

1    guilty, petitioner filed motions to withdraw his plea.  Ex. 12 (ECF No. 14-12), Ex. 14 (ECF No. 14-

2    14), Ex. 15 (ECF No. 14-15).  The state district court denied the motions.  Ex. 13 (ECF No. 13-13),

3    Ex. 16 (ECF No. 14-16).  Petitioner was convicted in accordance with the plea agreement.  Ex. 19

4    (ECF No. 14-19) (second amended judgment of conviction).  Petitioner appealed, and the Nevada

5    Supreme Court affirmed.  Ex. 24 (ECF No. 14-24).

6          Petitioner then filed in state district court a post-conviction habeas corpus petition and a

7    supplement.  Ex. 25 (ECF No. 14-25), Ex. 26 (ECF No. 14-26).  The state district court held an

8    evidentiary hearing.  Ex. 28 (ECF No. 14-28).  The state district court then denied the petition.  Ex.

9    30 (ECF No. 14-30).  Petitioner appealed, and the Nevada Supreme Court affirmed.  Ex. 34 (ECF

10   No. 14-34).

11         After petitioner commenced this action, he filed a second post-conviction habeas corpus

12   petition in the state district court.  Ex. 36 (ECF No. 14-36).  The state district court denied the

13   petition, ruling that it was untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev.

14   Stat. § 34.810.  Ex. 38 (ECF No. 14-38).  Petitioner appealed.  The appeal was not decided when

15   respondents filed their motion to dismiss.  The Nevada Supreme Court since has affirmed the

16   decision of the state district court.  Jimenez v. State, No. 68328 (Nev. Feb. 10, 2016).[2]

17         Petitioner mailed his original § 2254 petition to this court on November 12, 2014.  He then

18   sought leave to amend his petition, which the court granted.  The amended petition (ECF No. 7)

19   originally contained three grounds for relief.  The court dismissed ground 2 before directing a

20   response because it was a claim of error in the state post-conviction proceedings, which is not

21   addressable in federal habeas corpus.  Order (ECF No. 8).  Respondents now move to dismiss

22   ground 3 because petitioner did not present the ground to the Nevada Supreme Court.

23         Before a federal court may consider a petition for a writ of habeas corpus, the petitioner

24   must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for

25   relief, a petitioner must fairly present that ground to the state's highest court, describing the

26

27   ─────────────────

28         [2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=36537 (report generated June
     15, 2016).

1   operative facts and legal theory, and give that court the opportunity to address and resolve the

2   ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

3   U.S. 4, 6 (1982).

4          Ground 1 of the amended petition is a claim that trial counsel provided ineffective assistance

5   because counsel advised petitioner to plead guilty to two counts of first-degree kidnaping even

6   though insufficient evidence existed to support those charges.  Respondents acknowledge that the

7   Nevada Supreme Court addressed this claim in its order affirming the denial of the first state habeas

8   corpus petition, and it is exhausted.  See Ex. 34, at 1-3 (ECF No. 14-34, at 2-4).

9          Ground 3 of the amended petition is a claim that trial counsel provided ineffective assistance

10  because counsel did not move to dismiss the kidnaping charges for lack of evidence.  Petitioner

11  presented this claim in his supplement to his first state habeas corpus petition.  See Ex. 26, at 9-14

12  (ECF No. 14-26, at 10-15).  However, petitioner did not argue this claim in his fast-track statement

13  on appeal from the denial of the first state habeas corpus petition.  See Ex. 32 (ECF No. 14-32).

14  The Nevada Supreme Court did not address the claim on its own.  See Ex. 34 (ECF No. 14-34).

15  Petitioner did not present this claim in his second state habeas corpus petition.  See Ex. 36 (ECF

16  No. 14-36).  Ground 3 is not exhausted.

17         The amended petition (ECF No. 7) is mixed, containing both claims exhausted in state court

18  and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S.

19  509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may

20  voluntarily dismiss the unexhausted ground 3 and proceed with the remaining ground 1, he may

21  voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 3,

22  or he may move to stay this action while he returns to state court to exhaust ground 3.  If petitioner

23  chooses the second option, the court makes no assurances about any possible state-law procedural

24  bars or the timeliness of a subsequently filed federal habeas corpus petition.  If petitioner chooses

25  the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted

26  claims are potentially meritorious, and there is no indication that the petitioner engaged in

27  intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  If petitioner

28

1  chooses the last option, he also will need to designate an alternative choice in case the court

2  declines to stay the action.  Otherwise, the court will dismiss the action.

3          IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 13) is

4  **GRANTED**.

5          IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of

6  entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he

7  wishes to dismiss ground 3 of his amended petition (ECF No. 7), and proceed only on the remaining

8  ground for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his amended

9  petition (ECF No. 7) to return to state court to exhaust his state remedies with respect to the claims

10  set out in ground 3 of his amended petition (ECF No. 7), or (3) move to stay this action while he

11  returns to state court to exhaust his state remedies with respect to the claims set out in ground 3 of

12  his amended petition (ECF No. 7).  Failure to comply will result in the dismissal of this action.

13          IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds

14  of his amended petition (ECF No. 7) and proceed on the remaining grounds, respondents shall file

15  and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in

16  the United States District Courts, within forty-five (45) days after petitioner serves his declaration

17  dismissing those grounds.  Petitioner shall have forty-five (45) days from the date on which the

18  answer is served to file and serve a reply.

19          DATED:  June 16, 2016.

20

21                                                          _____

22                                                          ANDREW P. GORDON
                                                            United States District Judge

23

24

25

26

27

28

-4-